IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DAVID and JULIE KING, individually, and as assignees for Ron Nicolson, Pam Nicolson, Duncanwoods Log Homes, Inc., and Lincoln Logs, Ltd., | ) ) ) ) ) | CV 09-96-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. Introduction

Plaintiffs, David and Julie King ("the Kings"), brought this action against

State Farm Fire and Casualty Company ("State Farm") based on a judgment in

favor of the Kings.  The favorable judgment arises from a state lawsuit.  Now the

Kings allege State Farm was required to provide coverage under an insurance

policy issued to the defendants in the underlying action and failed to do so.[1]  In this case the Amended Complaint alleges three counts.  State Farm sought and received partial summary judgment on Count  I, by a determination that the terms of the state defendant's insurance policy did not require State farm to provide coverage in the underlying state court case.

Despite this determination Plaintiffs continue to challenge the Court's decision.  First, Plaintiffs moved for leave of court to file a motion for reconsideration.[2]  That motion was denied because Plaintiffs failed to show law that merited reconsideration of the earlier ruling.  In their present motion for partial summary judgment, Plaintiffs make arguments similar to those presented in their motion for leave to file a motion to reconsider.  They insist State Farm's Business policy provides coverage for claims made by the Kings against Lincoln Logs, Duncanwoods and the Nicolsons because Plaintiffs suffered consequential damages.  Consistent with Count III of their complaint, Plaintiffs also reason there is coverage by estoppel.

State Farm filed a cross-motion for summary judgment on the issues of

_____

[1] The defendants in the underlying action, Lincoln Logs, Ltd. and Duncanwoods Log Homes, Inc., have assigned all their rights against State Farm to the Kings.  Amd. Compl., ¶ 8.

[2] Under Montana law a motion for reconsideration does not exist.  Jonas v. Jonas, 2010 WL 4527053 (Table).

coverage by estoppel and whether the Kings are entitled to an award of attorney's fees.

## II.  Factual Background

### A.    The Policy

Lincoln Logs, Ltd. ("Lincoln Logs") is a business that sells log home construction packages.  Amd. Compl., ¶¶ 23-25.  Duncanwoods Log Homes, Inc. ("Duncanwoods") is a sales agent of Lincoln Logs, and Duncanwoods is owned by Ron and Pam Nicolson.  Id. at ¶¶ 28-29.  At the time of the events alleged in the underlying complaint, Duncanwoods and the Nicolsons were insured under an insurance policy issued by State Farm ("the Policy").  Id. at ¶ 30. Lincoln Logs is listed as an additional insured on the Policy.  Id. at ¶ 36.

The Policy provides coverage for "bodily injury, property damage, personal injury, or advertising injury to which this insurance applies."  Policy, dkt #19-1 at 23.  An "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which results in bodily injury or property damage" or "the commission of an offense, or a series of related offenses, which results in personal injury or advertising injury."  Id. at 35.  "Bodily injury" is "bodily injury, sickness or disease sustained by a person, including death resulting from the bodily injury, sickness or disease at any time."  Id. at 33.

"Property damage" is:

    a.    physical injury to or destruction of tangible property, including all resulting loss of use of that property.  All such loss of use will be considered to occur at the time of the physical injury that caused it; or

    b.    loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property.  All such loss of use will be considered to occur at the time of the occurrence that caused it.

Id. at 36.

**B.**    **The Underlying Action**

The Kings purchased property in the Bitterroot Valley in Montana and set out to build a log home there.  In 2004, they talked to representatives of Lincoln Logs and Duncanwoods at a log home exposition.  Underlying Complaint, ¶ 13 (dkt #27-1).  Lincoln Logs and Duncanwoods represented they could provide a quote, and the Kings believed they were getting a quote for a package comparable to one for which they had previously contracted.  Id. at ¶¶ 16-19.  The Kings contracted for a log home package comprised of "premium 10 inch Swedish cope cut, full length logs" that were pre-cut pine and spruce logs.  Id. at ¶¶ 20-21.  The Kings then hired a construction company to build the house when the log home package was delivered.  Id. at ¶ 23.  When the log home package arrived, the Kings claim it was not what the contract called for, and they claimed numerous

deficiencies in the package, including short and random length logs, an unacceptable mix of fir, spruce and lodge pole pine logs, a lack of "tie logs" to stabilize the home, logs with a rougher finish than desired which required additional planing and sanding, undesirable gaps at the corners that required sealing, and logs that were not pre-cut.  Id. at ¶¶ 26-27.

In April 2006, the Kings filed suit in state court against Lincoln Logs and Duncanwoods.  They made claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Montana Consumer Protection Act, negligent misrepresentation, actual and constructive fraud, breach of express warranties, and emotional distress.

State Farm did not defend in the underlying case.  The parties disagree about whether State Farm initially defended Duncanwoods under a reservation of rights, whether Lincoln Logs ever tendered its defense to State Farm and whether or under what circumstances State Farm withdrew from the defense of Duncanwoods or refused to defend Lincoln Logs.

The case was resolved by a jury trial in Ravalli County on July 25, 2008.  On July 28, 2008, the jury returned a verdict in the Kings' favor, awarding them a total of $482,336.  Amd. Compl., ¶¶ 73, 75.  The district court awarded the Kings $106,962 in attorney fees and $6,349.76 in costs, and later awarded duplicate costs

in the amount of $4,440.71.  Id. at ¶¶ 81-83.  The damages awarded to the Kings total $600,088.47, plus interest.  Id. at ¶ 84.  The Kings now insist State Farm wrongfully refused to defend the underlying suit and that it must pay the full amount of the state court judgment.

## III.  Analysis

### A.    Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).

### B.    The Court already determined that no coverage under the policy exists.

One of Plaintiffs' arguments rehashes an issue previously ruled on by the court.  No coverage under the policy exists because, according to Montana law, the intentional actions that were the subject of the state court action did not give

rise to an accident.  Or. Dkt. # 40.  There is no coverage outside the terms of the policy.  In part, Plaintiffs again argue there was an accident, and coverage under the policy exists.  Although they attempt to distinguish the argument, from previous arguments, essentially Plaintiffs muster a thinly veiled effort to have the Court reconsider its prior order.  Reconsideration is more than problematic in the absence of law overlooked or facts undiscovered.

Parties seeking to file a motion for reconsideration must seek leave of court. L.R. 7.3.  Plaintiffs moved for leave, and on June 6, 2010, the court denied Plaintiffs' motion.  Or. Dkt # 42.  Plaintiffs' disregard of the court's Order is not well taken.  An attempt to weave arguments about the existence of coverage under the policy into this motion is inappropriate.  Leave to file a motion to reconsider was not granted.  No coverage exists under the policy.  No undiscovered facts have been noted nor has any legal authority been overlooked.  Unhappiness with a ruling or summary judgment is not a reason for reconsideration regardless of how large the predicate judgment is.

**C.    State Farm is not estopped from denying  coverage.**

The Kings raise three distinct theories of estoppel.  First, they argue State Farm is estopped from denying coverage to Lincoln Logs because it did not timely deny coverage.  Second, they argue estoppel is appropriate because State Farm

failed to seek a declaratory ruling regarding the absence of coverage. Third, the
Kings argue Ron detrimentally relied on alleged representations of coverage when
he procured the policy, and the reliance prevents a denial of coverage now. Each
theory is rejected as set forth below.

**1.     State farm is not estopped for failing to timely notify Lincoln
         Logs that it was denying coverage.**

A party seeking to invoke the doctrine of equitable estoppel must establish

six elements by clear and convincing evidence.

> (1) There must be conduct, acts, language, or silence amounting to a
> representation or a concealment of material facts;
>
> (2) these facts must be known to the party estopped at the time of his
> conduct, or at least the circumstances must be such that knowledge of them
> is necessarily imputed to him;
>
> (3) the truth concerning these facts must be unknown to the other party
> claiming the benefit of the estoppel at the time it was acted upon by him;
>
> (4) the conduct must be done with the intention, or at least with the
> expectation, that it will be acted upon by the other party, or under the
> circumstances that it is both natural and probable that it will be so acted
> upon;
>
> (5) the conduct must be relied upon by the other party, and, thus relying, he
> must be led to act upon it; and
>
> (6) he must in fact act upon it in such a manner as to change his position for
> the worse. St. Paul Fire & Marine Ins. Co. v. American Bank, 33 F.3d
> 1159, 1161 (9th Cir. 1994).

An insurance company may be estopped from denying coverage if it assumes the exclusive control of the defense, and the insured detrimentally relies on representations of coverage.  Safeco Ins. v. Ellinghouse (1986), 223 Mont. 239, 245, 725 P.2d 217, 221.  In Ellinghouse the insurer affirmed coverage existed until two months before the original trial date.  Id. at 246, 725 P.2d at 221.  When trial was imminent the carrier inexplicably walked away from the insured and left Ellinghouse to twist slowly in the wind.  Ellinghouse had detrimentally relied on the carrier and it lawyer's representations that coverage existed.  In part, prejudice was proved by loss of the opportunities to initially select independent counsel, to fully control discovery, and to accept settlement offers.  Id. at 249–250, 725 P.2d at 223–224.

Estoppel, however is disfavored and the insured must demonstrate prejudice through clear and convincing evidence.  St. Paul Fire & Marine Ins. Co. v. American Bank, 33 F.3d at1161.  Montana courts have found no prejudice when no duty to defend existed, the insurer never assumed the defense, and the insured had independent counsel from the start of litigation.  See Portal Pipe Line Co. v. Stonewall Ins. Co., 256 Mont. 211, 218, 845 P.2d 746, 750 (1993); EOTT Energy Operating v. Certain Underwriters, 59 F. Supp. 2d 1072, 1078 (D. Mont. 1999). Although the insurers in St. Paul Fire & Marine Ins. and EOTT Energy Operating

were secondary insurers, circumstances that do not prejudice the insured will not give rise to coverage by estoppel.

Here, the facts belie prejudice that would support a claim of coverage by estoppel. Plaintiffs argue Lincoln Logs suffered prejudice when it had to pay for its own defense, and because it could not challenge a denial of coverage until now. But no fact presented suggests Lincoln Logs detrimentally relied on representations of coverage. Unlike the insurer in Ellinghouse, State Farm never assumed exclusive control of Lincoln Logs' defense. Lincoln Logs had the benefit of counsel it selected, it had control of its defense, and it had authority to settle at all times during the state suit. There is no basis for estoppel on their claim for untimely notice.

## 2.   State Farm did not have a duty to seek a declaratory ruling.

Plaintiffs next argue State Farm is estopped from denying coverage because it did not initially seek a declaratory ruling that no coverage existed. To bolster if not make the argument, the Kings cite a dissenting opinion. Burns v. Underwriters Adjusting Co., 234 Mont. 508, 765 P.2d 712, 714–715 (1988) (Sheehy J. dissenting). The dissenting Justice suggests that a declaratory action should be filed in each case in which the facts alleged in the complaint raise the potential for liability. Regardless of the dissent in Burns, here no declaratory action was

required.  No coverage existed under the facts alleged in the complaint, nor was

there potential for coverage, and an insurance company is not ordinarily required

to file a declaratory action for every claim submitted seeking coverage.  Failure to

seek a declaratory ruling on whether coverage existed when the coverage was

denied does not prevent State Farm from denying coverage now.

> ### 3.     State Farm is not estopped from denying coverage because of alleged misrepresentations.

Plaintiffs also raise for the first time a tort claim for failure to procure

insurance.  According to Plaintiffs, Ron Nicolson of Duncanwoods Log Homes

discussed his insurance needs with State Farm, and State Farm responded that the

issued policy provided coverage for the type of claim raised by the Kings.

Plaintiffs' argument is not well taken.  Under St. Paul Fire & Marine Ins.

Co. v. American Bank, in order to create insurance coverage by estoppel, the

Kings must prove that the insured could have procured coverage for the claim

brought by the Kings.  33 F.3d at 1162.  The Plaintiff's complaint made claims for

breach of contract and deceptive practices.   Plaintiffs have not established that

insurance policies exist that provide coverage for breach of contract or for

deceptive practices.  "The lost opportunity to search, absent evidence of the

existence of obtainable insurance coverage elsewhere, simply is not a cognizable

injury in this context." Id.

State Farm also argues Plaintiffs do not have standing to bring Lincoln Logs' tort claim because only the contractual rights and interests under the State Farm Insurance Policy were assigned.  Even if Lincoln Logs attempted to assign a claim for failure to procure insurance, causes of action growing out of a personal right are not assignable.  Youngblood v. American States Ins. Co. (1993), 262 Mont. 391, 396, 866 P.2d 203, 206.  The Kings do not have standing to assert a claim for failure to procure insurance.

State Farm also alleges a claim for failure to procure insurance is barred by the relevant three year statute of limitations.  On May 24, 2006, State Farm notified the Nicolsons that State Farm questioned whether coverage was available for the loss.  Billquist Aff., Ex. 1, Dkt # 47-1.  The Kings filed the present action on July 6, 2009.  Compl. Dkt. # 1.  The claim, were it permitted to proceed, would be barred by the three year statute of limitations.  Mont. Code Ann. § 27-2-204(1).

**D.    Because no coverage under the policy exists, the Kings are not entitled to attorney's fees.**

State Farm moves for summary judgment on the Kings' claim for attorney's fees.  The Montana Uniform Declaratory Judgment Act authorizes the award of attorney's fees.  Mont. Code Ann. § 27–8–313; Mountain West Farm Bureau Mut.

<u>Ins. Co. v. Brewer</u>, 2003 MT 98, ¶ 17. 315 Mont. 231, 69 P.3d 652.  The Kings

have not prevailed in their declaratory judgment action.  Therefore, the Kings

should not be awarded attorney's fees.

## Conclusion

For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion for

partial Summary Judgment (dkt #43) is DENIED.

IT IS FURTHER ORDERED that Defendant's cross-motion for summary

judgment (dkt #46) is GRANTED.

The Clerk is directed to enter a separate judgment in favor of State Farm in

accordance with this Order.

Dated this 29th day of November, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT